UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE MAYS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-04503-JMS-DLP |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Willie Mays for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-06-0082. For the reasons explained in this Entry, Mr. Mays' habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 12, 2017, Officer C. Gary observed Mr. Mays sitting on a property box slouched over to one side. Gary suspected that Mr. Mays was under the influence of a controlled substance and placed him in restraints. Dkt. 6-11. Officer Gary attempted to escort Mr. Mays from the dormitory, but Mr. Mays resisted. The following conduct report recounts the incident:

> On the above date and approximate time I, officer [sic] C. Gary called Sgt. B. McNally for assistance in Dorm #1. When he arrived, I had offender Mays #917558 in mechanical restraints and was trying to escort him out of the dorm. As Sgt. McNally and myself were escorting the offender, the offender started to [sic] physically resisting us and was kicking at Sgt. McNally's legs and feet. We had to place him on the ground to gain control.

Dkt. 6-1.

The video surveillance footage shows Officer Gary and two additional officers attempting to escort a struggling Mr. Mays out of the dorm. Dkt. 10. The video review states:

> THE VIDEO WAS REVIEWED. I M. Stamper did the video review. From the video review I witnessed the officer trying to escort offender Mays #917558 out of the dorm. However, it appears that offender Mays is intoxicated. The Sgt. And another officer come to try and assist him. When the Sgt. Assists the officer offender Mays starts resisting. In order to get control of offender Mays they have to place him on the ground. They get offender Mays up and he continues to kick them and resist them all the way to the shake down booth.

Dkt. 6-6.

Mr. Mays was screened for resisting prison officials on June 16, 2017. At the time of his screening, Mr. Mays requested witnesses and also requested video evidence. Dkt. 6-2. The hearing was conducted on August 9, 2017. The hearing officer found Mr. Mays guilty by a "preponderance of evidence" based on staff reports, evidence from witnesses, and a review of surveillance video footage. Mr. Mays' sanctions included 30 days lost earned credit time. Dkt. 6-3.

Mr. Mays appealed to the facility head and the Indiana Department of Correction final reviewing authority, both of which were denied. He then brought this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. The respondent filed his return to the order to show cause on January 16, 2018. The petitioner did not reply and the time to do so has passed.

    **C.    Analysis**

In support of his claim for habeas relief, Mr. Mays alleges the following grounds: 1) the hearing officer failed to comply with prison policy regarding the timing of the disciplinary hearing; 2) the video review did not support the hearing officer's finding of guilt; 3) the hearing officer failed to consider mitigating evidence presented by Mr. Mays at the disciplinary hearing; and 4) the hearing officer did not provide a sufficient statement of reasons for Mr. Mays' disciplinary conviction.

The respondent argues that Mr. Mays failed to exhaust the administrative appeals process, and because the time to complete such administrative appeals process has passed, no relief can be given under the habeas corpus doctrine. In Indiana, only the issues raised in a timely appeal to the facility head and then to the Indiana Department of Correction appeals review officer or final reviewing authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Here, the only issue raised in Mr. Mays' initial appeal of the disciplinary action relates to video evidence. Specifically he complains that video of the shake down booth would provide evidence that his rights were violated. Because he failed to exhaust the administrative appeals process as to his other claims, he cannot raise them here because they are procedurally defaulted. Nevertheless, those claims would fail even if they had been exhausted for the reasons explained below.

His first claim is that the hearing officer violated prison policy by delaying his disciplinary hearing. The respondent states that part of the delay was caused by Mr. Mays'

request for video evidence. Regardless of the reason for the near two-month delay, claims based on violations of prison policy do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import— and nothing less warrants habeas corpus review."). A two-month delay between the infraction and disciplinary hearing does not constitute a due process violation. Mr. Mays is not entitled to relief on this basis.

Mr. Mays' second claim is that his due process rights were violated because two conflicting video summaries were created—one related to the removal of Mr. Mays from his dorm, dkt. [6-6], and one which stated that no video of the incident was available, dkt. [6-12]. Mr. Mays' notation on the second video review indicates that the camera in question displayed the shake down booth. The mere fact that the two video summaries were created does not create a due process violation. Mr. Mays' own notes indicate that one of the video summaries relates to the shake down booth where he was presumably taken after he was escorted out of his dorm. The Court has reviewed the video of the incident that led to this conduct report so there is no question that such video exists. It is unclear what Mr. Mays believes video of the shake down booth would show or how it would impact his guilt in this case which relates to his conduct in the dorm beforehand. Neither the existence of the two video summaries, nor anything that might have happened in the shake down booth after Mr. Mays resisted officers in the dorm area, entitle Mr. Mays to habeas relief.

Mr. Mays argues in his third claim that the hearing officer was not impartial because she disregarded his defense. A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high." *Id.* at 667. Hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* Mr. Mays does not allege that the hearing officer was in any way involved in the incident or its investigation. Instead, he argues that the hearing officer must have been biased because she did not credit his version of events. But it was within the hearing officer's discretion to review the video evidence and find Mr. Mays guilty based upon that evidence despite his assertion that he did not resist the officers. Mr. Mays is not entitled to relief upon this basis.

Finally, Mr. Mays argues that the hearing officer's statement that Mr. Mays was guilty based on a "preponderance of the evidence" did not satisfy the 'some evidence' standard. Dkts. 1, 6-3. "Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* When a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and

reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007); *see Scruggs*, 485 F.3d at 941; *Saenz*, 811 F.2d at 1174.

The 'some evidence' standard is similarly lenient. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBridge*, 188 F.3d 784, 786 (7th Cir. 1999).

The charge against Mr. Mays was straightforward, the conduct report and the video evidence provided ample evidence of Mr. Mays' guilt, and the hearing officer noted what evidence she relied upon to find him guilty. The hearing report in this case is sufficient. *See Jemison*, 244 Fed. Appx. at 42 (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"); *see also Saenz*, 811 F.2d at 1174; *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987). Mr. Mays is not entitled to habeas relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mays to the relief he seeks. Accordingly, Mr. Mays' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/18/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIE MAYS
917558
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Evan Matthew Comer
INDIANA ATTORNEY GENERAL
evan.comer@atg.in.gov